UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERIN ANDERSON, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>-against-<br><br>EATON VANCE CORPORATION,<br><br>        Defendant. | Case No. 1:21-cv-10436<br><br>**ORIGINAL CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cherin Anderson ("**Ms. Anderson**" or "**Plaintiff**"), on behalf of herself and all similarly situated individuals, through her attorneys Siri & Glimstad LLP, alleges the following claims against Eaton Vance Corporation ("**Eaton Vance**" or "**Defendant**") based on personal knowledge as to herself and on information and belief, based on the investigation of her counsel, as to all other matters:

**INTRODUCTION**

1. This action is brought for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. ("**TCPA**" or "the **Act**"). Among other things, the TCPA and its accompanying regulations prohibit telemarketers from making telephone solicitations to persons who have listed their telephone numbers on the National Do-Not-Call Registry, a database established to allow consumers to exclude themselves from telemarketing calls unless they consent to receive the calls in a signed, written agreement.

2. Plaintiff Cherin Anderson is one of the millions of consumers who listed her telephone number on the National Do-Not-Call Registry. Nonetheless, she has received numerous telemarketing calls on her residential landline from, or on behalf of, Eaton Vance, without being offered an opportunity to request Eaton Vance to stop calling her.

1

3. Ms. Anderson is currently fighting metastatic breast cancer. She received these phone calls daily for weeks. As such, the invasion of privacy and nuisance caused by these daily calls have had a significant life impact on her, including negatively impacting her fight against her cancer and on the medical care of her elderly mother who is suffering from dementia.

4. Ms. Anderson is not the only person on the National Do-Not-Call Registry that has complained about Eaton Vance's illegal telemarketing practices. On information and belief, the FTC and the FCC have received numerous complaints from consumers about receiving unsolicited calls from Eaton Vance.

5. Ms. Anderson now brings this action, on behalf of herself and others who are similarly situated, seeking to recover statutory compensatory and punitive damages, and to secure injunctive relief to require Eaton Vance to cease its illegal conduct.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This court has original jurisdiction of this civil action as one arising under the laws of the United States. See 28 U.S.C. §1331 and *Mims v. Arrow Fin. Serv., LLC*, 565 U.S. 368 (2012).

7. Venue is also proper in this Court because Defendant is headquartered in this district, regularly does business in this district and division, and it is subject to this Court's personal jurisdiction with respect to this civil action in the district and, as such, it "resides" in the district.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Cherin Anderson is, and at all times mentioned herein was, an individual citizen of the State of Delaware who resides in Newark, Delaware.

9. On information and belief, Eaton Vance provides investment management and advisory services to institutional and individual investors. Eaton Vance is a Maryland corporation, headquartered in Boston, Massachusetts.

10. Defendant transacts business throughout the United States. This includes transacting business in Massachusetts, and specifically in this district and division through its head office at Two International Place, Boston, MA 02110.

11. In addition to transacting business in Massachusetts, Defendant contracts to supply its services in Massachusetts, including in this district and division.

12. In addition, Defendant regularly does, or solicits, business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts, including in this district and division.

13. Furthermore, through its acts in calling, or causing to be called, Plaintiff's residential landline registered on the Do-Not-Call Registry, Defendant caused tortious injury in the nature of an invasion of Plaintiff's privacy rights in the Commonwealth, either by its acts in the Commonwealth or, alternatively, by acts outside the Commonwealth while regularly doing or soliciting business or engaging in a persistent course of conduct and deriving substantial revenue from goods used or consumed, or services rendered in the Commonwealth.

14. At all times pertinent, Defendant was, and is, engaged in interstate commerce in the United States of America, and Defendant used, and is using, instrumentalities of interstate commerce, including telephone lines and the mail, in the course of its activities set forth herein.

## APPLICABLE LAW

15. The TCPA was enacted more than twenty years ago to regulate the explosive growth of telemarketing, which Congress recognized as a nuisance and an intrusive invasion of privacy.

16. Consumers who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2). According to the Federal Trade Commission, the Registry, which was established in 2003, has over 239.5 million active registrations.[1]

17. So long as a number appears on the National Do-Not-Call Registry, it is illegal for a company to place any telephone solicitations to that number. 47 U.S.C. § 227(c)(3)(F). These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. 47 C.F.R. § 64.1200(c)(2).

18. A consumer whose number is on the National Do-Not-Call Registry and has received more than one telemarketing call in violation of the TCPA within any twelve-month period by, or on behalf of, the same company can sue the company and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

19. It is simple for companies to avoid calling numbers listed on the National Do-Not-Call Registry. They can easily and inexpensively "scrub" their call lists against the National Do-Not-Call Registry database. The scrubbing process identifies those numbers on the National Do-Not-Call Registry, allowing companies to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

---

[1] *See FTC Releases FY 2020 National Do Not Call Registry Data Book*, available at: https://www.ftc.gov/news-events/press-releases/2020/10/ftc-releases-fy-2020-national-do-not-call-registry-data-book

20.     To avoid violating the TCPA by calling registered numbers, companies, *inter alia*, must scrub their call lists against the National Do-Not-Call Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

21.     The TCPA also regulates the use of automated telephone equipment such as artificial or pre-recorded voice to deliver a message. 47 U.S.C. § 227(b). Specifically, the TCPA prohibits the use of artificial or prerecorded voice to deliver an advertising or telemarketing message to a residential landline without the prior express consent of the called party. 47 U.SC. § 227(b)(1)(B). These prohibitions also apply to calls made to cellular phones. 47 U.SC. § 227(b)(1)(A)(iii).

22.     A consumer who receives a telemarketing call made using artificial or pre-recorded voice on her telephone number can sue the company and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(b)(3).

23.     It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. The provision that establishes a private right of action against an entity that violates the National Do-Not-Call Registry restrictions provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages and injunctive relief. 47 U.S.C. § 227(c)(5) (emphasis added).

24.     As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

25. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; *Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling*, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

26. The FCC reaffirmed this in 2013, when it held that (a) a seller may, under principles of apparent authority, actual authority, and ratification, be liable for violations of § 227(c) by third parties, and (b) a seller may also be liable, under the express terms of § 227(c), for calls placed "on behalf of" the seller. *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013).

## FACTUAL ALLEGATIONS

### Eaton Vance's Violations of the TCPA with Regard to Ms. Anderson

27. Ms. Anderson originally registered her residential landline (XXX) XXX-7277 (her "**Residential Landline**") with the National Do-Not-Call list on July 08, 2003. This Residential Landline is the phone she uses in her home. Ms. Anderson does not own a cellular phone. A registration verification email for the Residential Landline is attached as **Exhibit 1**.

28. Ms. Anderson has never used the services of Eaton Vance. She has never contacted Eaton Vance to inquire about its services. Ms. Anderson has never provided Eaton Vance with her number, nor has she ever given her consent to be contacted by Eaton Vance.

29. Despite same, since early January 2021, Eaton Vance, or someone acting on its behalf, started placing unsolicited calls to Ms. Anderson's Residential Landline twice a day from telephone number 212-388-6113.

30. Ms. Anderson received almost a dozen phone calls, or more, from the same 212-388-6113 number in a six-week period commencing early January 2021.

31. Ms. Anderson's Caller ID verified that each of the foregoing calls to her Residential Landline came from Eaton Vance or someone calling on Eaton Vance's behalf.

32. Each telemarketing call contained an artificial or pre-recorded voice without any option for Ms. Anderson to decline or stop future calls.

33. After receiving several of these telemarketing calls, Ms. Anderson began photographing her phone's call record for each call. Photographs of the call records for several of these calls are attached as **Exhibit 2**.

34. Ms. Anderson has been diagnosed with stage 4 metastatic breast cancer. This is her fourth bout with cancer, which has now metastasized into her bones. Due to her ill health and a severely weakened immune system, Ms. Anderson is largely confined to her home. Her condition is particularly worse during the morning hours because her joints are in more pain at that time of the day. When she receives phone calls on her Residential Landline during the morning, she is unable to bend her legs fast enough to reach her phone without suffering considerable pain.

35. Ms. Anderson's condition also requires her to rest during the day. These unwanted calls have disrupted Ms. Anderson's day-time sleep schedule and prevented her from getting an adequate amount of sleep because each time her Residential Landline rings, she is woken up. Ms. Anderson is not in a position to turn her phone off during her sleep hours because she uses her Residential Landline to answer calls from her pharmacy, her doctors, and her other medical providers due to her health condition. In addition, Ms. Anderson receives calls on her Residential Landline from her mother's doctors who may need to reach her because Ms. Anderson's 91-year-old mother is suffering through dementia.

36. The pre-recorded nature of the call and the lack of option to decline further calls has exacerbated Ms. Anderson's situation. She feels continually harassed by these calls. She describes these calls as a nuisance due to which she has been forced to change her sleep schedule. She began waiting so that she could receive the second call from Eaton Vance in the afternoon before she went to sleep so that her sleep was not disturbed. This was not what was comfortable for Ms. Anderson, but it was made necessary by Eaton Vance's illegal calls.

37. Eaton Vance, or someone acting on its behalf, violated Ms. Anderson's privacy by making each of the above referenced unwanted telemarketing calls, and they constitute a nuisance as they are annoying and harassing.

38. Eaton Vance has an obligation to honor Ms. Anderson's National Do-Not-Call registration. Eaton Vance is also obligated to not use artificial or pre-recorded voice in its telemarketing calls. Compounding these serious violations, these calls do not include a mechanism that allows the recipient of the call to opt-out of future calls.

39. The website ReportedCalls.com shows that the Federal Trade Commission and the Federal Communications Commission have received multiple complaints about illegal telemarketing calls from the 212-388-6113 phone number from consumers in fifteen states such as New York, Michigan, Texas and Arizona.[2]

40. Likewise, the website 800notes.com contains accounts of various consumers who have received an unsolicited telemarketing call from Eaton Vance from the 212-388-6113 number.[3]

41. As a result, Plaintiff believes that Defendant has made a significant number of unwanted and illegal telemarketing calls to other persons in Massachusetts and throughout the

---

[2] https://www.reportedcalls.com/2123886113
[3] https://800notes.com/Phone.aspx/1-212-388-6113

entire United States who have either registered their telephone numbers with the National Do-Not-Call Registry or have received calls on their residential landlines using an artificial or prerecorded voice.

## CLASS ACTION ALLEGATIONS

**National Do-Not-Call Registry Class**

42. Plaintiff brings Count I of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

> All natural persons in the United States who, from the date four years before filing of this action, received more than one telephone solicitation calls made by or on behalf of Eaton Vance in a 12-month period on their residential landline or cellular telephone line telemarketing Eaton Vance's products or services more than 31 days after registering their telephone number with the National Do-Not-Call Registry. Excluded from this class definition are any employees, officers, directors of Eaton Vance, and attorneys appearing in this case, and any judge assigned to hear this action.

43. Plaintiff reserves the right to modify this class definition as she obtains relevant information, including telemarketing call records, through discovery.

44. Each of the persons identified in this National Do-Not-Call Registry Class has been harmed by the acts of Defendant because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and/or they were charged for incoming calls.

**Artificial or Pre-recorded Voice Class**

45. Plaintiff brings Count II of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

> All natural persons in the United States who, from the date four years before the filing of this action, received one or more telephone solicitation calls made by or on behalf of Eaton Vance on their residential landline or cellular telephone line telemarketing or advertising Eaton Vance's products or services in which the call

9

        used or employed an artificial or pre-recorded voice. Excluded from this class definition are any employees, officers, directors of Eaton Vance, and attorneys appearing in this case, and any judge assigned to hear this action.

46. Plaintiff reserves the right to modify this class definition as she obtains relevant information, including telemarketing call records, through discovery.

47. Each of the persons identified in this Artificial or Pre-recorded Voice Class has been harmed by the acts of Defendant because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and/or they were charged for incoming calls.

**The Action Meets the Requirements to be Certified as a Class**

48. Plaintiff is a member of both proposed classes.

49. The proposed classes can be identified through telephone records and databases used in transmitting the telemarketing calls.

50. <u>Numerosity</u>. The number of Putative Class Members is believed to be in the thousands, rendering the classes so numerous that individual joinder of all class members is impracticable.

51. <u>Commonality</u>. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Did Defendant place, or have it placed, telemarketing calls to Plaintiff and the Putative Class Members?

    b. Whether Defendant's conduct violated 47 U.S.C. § 227(c) (the National Do-Not-Call Registry)?

    c. Whether Defendant willfully or knowingly violated 47 U.S.C. § 227(c) (the National Do-Not-Call Registry)?

    d. Whether Defendant's conduct violated 47 U.S.C. § 227(b) (the use of Artificial or Pre-recorded Voice)?

    e. Whether Defendant willfully or knowingly violated 47 U.S.C. § 227(b) (the use of Artificial or Pre-recorded Voice)?

52. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the two proposed Putative Classes' Members. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other Members of the two proposed Putative Classes.

53. <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the two proposed Putative Classes because her interests coincide with, and are not antagonistic to, the interests of the Members of each proposed Putative Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the interests of Members of the two (2) proposed Putative Classes.

54. <u>Superiority</u>. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the two proposed Putative Classes' Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Liability will be determined based on a common set of facts and legal theories. Willfulness will be determined based on Defendant's conduct and knowledge, not upon the effect of Defendant's conduct on the two Putative Classes' Members.

55. The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated

by Defendant's conduct. It would be virtually impossible for the members of the two proposed Putative Classes' Members individually to redress effectively the wrongs done to them, as the TCPA has no attorney's fee shifting provision. Even if the members of the two proposed Putative Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

56. Class certification is appropriate because Defendant has acted on grounds generally applicable to the two proposed Putative Classes, making equitable injunctive relief appropriate with respect to Plaintiff and the two proposed Putative Classes' Members. Fed. R. Civ. P. 23(b)(2).

57. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Putative Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Putative Classes appropriate on a class wide basis. Moreover, on information and belief, and based on her experience, Plaintiff alleges that the calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

### **CAUSES OF ACTION**
### **COUNT I**
VIOLATION OF 47 U.S.C. 227(C)
TELEMARKETING IN VIOLATION OF THE TCPA'S NATIONAL DO-NOT-CALL PROVISIONS

58. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

59. Plaintiff and all Members of the National Do-Not-Call Registry Putative Class registered a telephone number on the National Do-Not-Call Registry.

60. In violation of 47 U.S.C. § 227(c), Plaintiff and all Members of the National Do-Not-Call Registry Putative Class, received unsolicited telemarketing calls from, or on behalf of, Eaton Vance on their telephone number listed on the National Do-Not-Call Registry.

61. Plaintiff and the National Do-Not-Call Registry Putative Class Members received more than one such call in a twelve-month period.

62. By virtue of the foregoing, Defendant violated 47 U.S.C. § 227(c) as to Plaintiff and the Class and the National Do-Not-Call Registry Putative Class by initiating, on more than one occasion, a telemarketing call to the residential landlines of Plaintiff and the Members of the National Do-Not-Call Registry Putative Class without the prior express written consent or permission of Plaintiff or the Members of the National Do-Not-Call Registry Putative Class.

63. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and each National Do-Not-Call Registry Putative Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each National Do-Not-Call Registry Putative Class Member.

64. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff, on behalf of herself and the National Do-Not-Call Registry Putative Class, also seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

## **COUNT II**
VIOLATION OF 47 U.S.C. § 227(B)
TELEMARKETING IN VIOLATION OF PROVISIONS RESTRICTING THE USE OF AN ARTIFICIAL OR PRE-RECORDED VOICE

65. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

66. Plaintiff and the Artificial or Pre-Recorded Voice Putative Class each received telemarketing or advertising calls, in non-emergency circumstances, wherein the message was delivered through the use of artificial or pre-recorded voice without the prior express consent of Plaintiff or the Artificial or Pre-Recorded Voice Putative Class Member in violation of 47 U.S.C. § 227(b).

67. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and each Artificial or Pre-Recorded Voice Putative Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each Artificial or Pre-Recorded Voice Putative Class Member.

68. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff, on behalf of herself and the Artificial or Pre-Recorded Voice Putative Class, also seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

## **DEMAND FOR PRESERVATION**

69. Plaintiff also specifically demands that Defendant retains and preserves all records related to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

a. All documents evidencing all phone numbers, including spoofed numbers, used by Defendant and/or persons or entities acting on its behalf in making telemarketing calls to telephone numbers within the four years preceding the filing of this action;

b. All documents evidencing the identity or telephone number of all persons to whom Defendant, and/or persons or entities acting on its behalf, made one or more telemarketing calls to that person's telephone number within the four years preceding the filing of this action;

c. All documents evidencing the number of telemarketing calls made to each telephone number to which Defendant, and/or persons or entities acting on its behalf, made more than one telemarketing call within the four years preceding the filing of this action;

d. All documents, including transmission or phone logs, showing dates of all telemarketing calls made to a telephone number and the identity of the persons so solicited by Defendant, and/or persons or entities acting on its behalf, within the four years preceding the filing of this action;

e. All documents supporting the contention of Defendant that it had the prior express consent for any called party to whom a call to a telephone number was made by Defendant, and/or by persons or entities acting on its behalf, within the four years preceding the filing of this action, and all documents evidencing the names, addresses and telephone numbers of all persons who Defendant contends provided such prior express consent;

f. All documents supporting the contention of Defendant that it had an Existing Business Relationship ("**EBR**") with any called party to whom a call to a telephone

15

    number was made by Defendant, and/or by persons or entities acting on its behalf, within the four years preceding the filing of this action, and all documents evidencing the names, addresses and/or telephone numbers of all persons with whom Defendant contends it had such a relationship;

g. All documents evidencing the identity and/or telephone numbers of all persons who requested that Defendant, and/or persons or entities acting on its behalf, stop making calls to their telephone numbers within the four years preceding the filing of this action;

h. All written, recorded, electronic or other documentation evidencing any pre-recorded or artificial voice message used for any phone calls made by Defendant in the prior four years;

i. All written, recorded, electronic or other documentation evidencing the revocation and/or attempted revocation by any called party of any prior express consent that his or her telephone number could be called by Defendant, and/or by persons or entities acting on its behalf;

j. All written, recorded, electronic or other documentation evidencing the termination, and/or attempted termination, by any called party of any EBR with Defendant;

k. All documents evidencing or pertaining to any and all policies or procedures implemented by Defendant with regard to the making of telephone solicitations to consumers;

    l. All documents evidencing or pertaining to any and all policies or procedures implemented by Defendant with regard to requests that Defendant stop making calls to certain telephone numbers;

    m. All documents evidencing or pertaining to the knowledge of Defendant of the TCPA and/or the regulations and rulings of the FCC thereunder;

    n. All documents evidencing or pertaining to any and all lawsuits and/or settlements to which Defendant were a party which, in whole or in part, pertain to the TCPA; and

    o. All documents evidencing or pertaining to any investigation conducted by any governmental entity regarding the calling practices and procedures employed by Defendant, including but not limited to any investigations concerning any purported violations of the TCPA or any other similar state statute regarding telemarketing calls.

70. Demand is made on Defendant to notify any third parties or vendors retained by Defendant to make telemarketing calls to consumers of this preservation demand and request production of any documents included within this demand.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and as representative of all other persons similarly situated, prays for judgment against Defendant, awarding relief as follows:

    a. An order certifying the proposed National Do-Not-Call Registry Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the National Do-Not-Call Registry Class;

    b. An order certifying the proposed Artificial or Pre-Recorded Voice Class under

> Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Artificial or Pre-Recorded Voice Class;

c. As to the National Do-Not-Call Registry Class, statutory damages as provided for under 47 U.S.C. § 227(c)(5), trebled as may be appropriate;

d. As to the Artificial or Pre-Recorded Voice Class, statutory damages as provided for under 47 U.S.C. § 227(b)(3), trebled as may be appropriate;

e. As to the National Do-Not-Call Registry Class, a permanent injunction restraining Defendant from making, or having made on its behalf, any additional non-emergency calls to telephone numbers that are on the National Do-Not-Call Registry without first obtaining the prior express written consent of the called party;

f. As to the Artificial or Pre-Recorded Voice Class, a permanent injunction restraining Defendant from making, or having made on its behalf, any additional non-emergency telemarketing or advertising calls to consumers wherein the message was delivered using artificial or pre-recorded voice without first obtaining the prior express written consent of the called party;

g. Pre-judgment interest from the date of filing this suit;

h. A reasonable attorney's fee to be paid out of any common fund created by virtue of this litigation;

i. All costs of this proceeding; and

j. All general, special and equitable relief to which Plaintiff and the respective Members of the National Do-Not-Call Registry Class and the Artificial or Prerecorded Voice Class are entitled to by law.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated: March 12, 2021

SIRI & GLIMSTAD LLP

Aaron Siri (*pro hac vice* to be filed)
Mason A. Barney (*pro hac vice* to be filed)
Rachel Meese (*pro hac vice* to be filed)
200 Park Avenue, Seventeenth Floor
New York, New York 10166
Tel: (212) 532-1091
E: aaron@sirillp.com
E: mbarney@sirillp.com
E: rmeese@sirillp.com


 */s/ Stefan L. Jouret*

Stefan L. Jouret, BBO # 656196
JOURET LLC
Two Center Plaza, Suite 610
Boston, MA 02108
(617) 523-0133 (main)
(617) 507-2576 (facsimile)
jouret@jouretLLC.com

*Attorneys for Plaintiff and the Putative Classes*